IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:08-CR-77-FL-1
NO. 4:12-CV-225-FL

| | | |
|---|---|---|
| DEVYN JAMAL BREWINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 117), and the motion by the United States Probation Office for revocation of supervised release (DE #107). On October 10, 2012, the government filed a response to the § 2255 motion, waiving its statute of limitations defense, suggesting that the court vacate petitioner's conviction of being a felon-in-possession of a firearm under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and requesting that the court reinstate a separate count of the indictment. On October 26, 2012, the government filed an amended response seeking to dismiss the petition or, in the alternative, to reinstate the separate count of the indictment, which the court now construes as a motion to reinstate (DE #121). Petitioner replied, and the matter is ripe for ruling. For the reasons stated below, the court grants petitioner's motion, grants the government's motion to reinstate, and dismisses the motion for revocation of supervised release.

**BACKGROUND**

On December 15, 2008, the government filed an indictment charging petitioner in Count Two with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and

924, and in Count Four with knowingly possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).[1]  On September 9, 2009, pursuant to a written plea agreement, petitioner pleaded guilty to Count Two of the indictment and the government agreed to dismiss Count Four of the indictment.  On December 10, 2009, the court entered judgment sentencing petitioner to 84 months imprisonment and a 3-year term of supervised release.[2]  Petitioner did not appeal his conviction or sentence.

Petitioner was released from incarceration and commenced supervised release on May 29, 2012.  (See DE #104).  On September 20, 2012, the United States Probation Office filed a motion for revocation of supervised release, alleging criminal conduct including felony possession with intent to sell and deliver marijuana, with charges pending in state court.

On September 28, 2012, through appointed counsel, petitioner filed his § 2255 motion to vacate his felon-in-possession conviction under Simmons.  The government first responded, on October 10, 2012, by waiving its statute of limitations defense, and suggesting that the court vacate petitioner's conviction on Count Two and reinstate Count Four for further proceedings.

On October 26, 2012, the government filed an amended response, acknowledging its previous waiver of statute of limitations defense, but now asserting that petitioner's motion is procedurally defaulted and that petitioner does not qualify for an exception based upon actual innocence due to the charge contained in Count Four of the indictment.  In the alternative, the government again requests reinstatement of Count Four for further proceedings.  The government

---

[1] Count One and Count Three of the indictment charged co-defendant Timothy Wayne Hardison with similar offenses, and are not at issue in this order.

[2] On August 16, 2010, pursuant to the government's motion for downward departure, the court reduced petitioner's sentence to 52 months imprisonment.
2

also moved to continue the revocation hearing then set for November 5, 2012, pending resolution of the § 2255 motion, which this court granted by text order.

In reply, petitioner argues that the government's basis for asserting a procedural default are flawed, and the felon in possession conviction should be vacated per the government's original response. Petitioner notes that if the government wants to pursue Count Four of the indictment, the government properly may seek reinstatement of that charge.

## DISCUSSION

A. Motion to Vacate

The government argues that petitioner has procedurally defaulted his § 2255 <u>Simmons</u> claim by failing to raise it on direct appeal, and that he can not demonstrate "actual innocence" to overcome the procedural default. (<u>See</u> Am. Resp. at 3-4). Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. <u>Massarro v. United States</u>, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and prejudice" or "actual innocence." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). In this case, petitioner argues the procedural default should be excused due to his "actual innocence" to Count Two of the indictment. (<u>See</u> Reply at 2-3). The government does not dispute that petitioner is actually innocent of Count Two pursuant to <u>Simmons</u>. (<u>See</u> Resp. at 2-3; <u>see</u> <u>also</u> Am. Resp. at 3-4). Rather, the government argues that the court must also consider whether petitioner is actually innocent of Count Four of the indictment before excusing the procedural default. The court disagrees.

In <u>Bousley</u>, the Supreme Court held that a petitioner may overcome procedural default on a § 2255 claim if the petitioner can establish that the alleged error "has probably resulted in the

3

conviction of one who is actually innocent." Bousley, 523 U.S. at 623 (quoting Murray v. Carrier 477 U.S. 478, 496 (1986)). "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). Pertinent to the present analysis, the court in Bousley observed that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

In this case, Count Two of the indictment charged petitioner with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Count Four, which was dismissed, charged petitioner with possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Under 18 U.S.C. § 924(a)(2), both offenses carry a maximum statutory penalty of ten years imprisonment. As such, because Count Four is at most an equally serious offense based on the statutory penalty provided, and not "more serious," petitioner need not show actual innocence of that charge in order to overcome the procedural default. See Bousley, 523 U.S. at 624.

Notably, the government does not contend that there are any aspects of Count Four which make it a "more serious charge" than Count Two. Instead, the government asks the court to extend the rule stated in Bousley to apply to circumstances, as here, where the dismissed charge is "as serious" as the charge to which petitioner pled guilty based upon the statutory maximum penalty. (Am. Resp. at 5). The government cites Lewis v. Peterson, 329 F.3d 934 (7th Cir. 2003), in which the court stated that the "logic of the Bousley opinion does not require that the charge that was dropped or forgone in the plea negotiations be more serious than the charge to which the petitioner pled guilty." Id. at 937. "It is enough that it is as serious." Id. The government admits, however,

4

that Lewis is in conflict with opinions by the Eighth Circuit and Third Circuit. See United States v. Johnson, 260 F.3d 919, 921 (8th Cir. 2001) (holding that dismissed count under 18 U.S.C. § 924(c) was not a more serious charge than another § 924(c) count for which defendant was convicted, even if the later was subject to an enhanced penalty as a second or successive conviction); United States v. Lloyd, 188 F.3d 184, 189 n.11 (3rd Cir. 1999) (stating that rule as stated in Bousley, while dictum, "must be respected as a considered pronouncement to be followed in the federal system until and unless modified by the Supreme Court itself").[3]

Further, no court in the Fourth Circuit has interpreted the rule stated in Bousley in the manner urged by the government here. Rather, cases that have cited the rule have not had occasion to extend the "more serious" charge requirement to "as serious" charges. See e.g., Lyons v. Lee, 316 F.3d 528, 533 n.5 (4th Cir. 2003) (stating rule as applicable in cases where government has "forgone more serious charges"); Aguirre-Verduzco v. United States, 5:11-CR-364-1H, 2012 WL 4889488 *2 (E.D.N.C. Oct. 15, 2012) (stating that government may present evidence that the petitioner is guilty of "more serious charges forgone during the course of plea bargaining").

The court finds that the better approach in the absence of Fourth Circuit guidance is to follow the rule as stated simply by the Supreme Court, especially where the government's suggested extension of the rule is in conflict with two other circuits. See United States v. Fareed, 296 F.3d 243, 247 (4th Cir. 2002) (noting that the court is "bound by Supreme Court dicta almost as firmly as by the Court's outright holdings"). Under the rule stated in Bousley, petitioner must establish

---

[3] Following the rationale of the Eighth and Third Circuits, petitioner argues that Count Four is in fact a less serious offense than Count Two because Count Four would carry a lower guideline sentencing range, based upon a total offense level 17, whereas the total offense level calculated for Count Two was 25. Because the court finds that Count Four is not a "more serious charge" based upon the statutory maximum, the court need not resolve whether consideration of the guidelines is proper under the rule stated in Bousely.

5

actual innocence for any "more serious charges" forgone by the government during plea bargaining. Bousley, 523 U.S. at 624. Because petitioner has no such "more serious charges" in this case, he need only establish actual innocence as to the charge for which he was convicted.

The court's review of the record confirms that petitioner is actually innocent of the felon-in-possession charge, pursuant to Simmons. In particular, petitioner's prior North Carolina conviction for possession with intent to sell and deliver marijuana did not expose him to a term of imprisonment in excess of one year, but rather only six months. See Mot. to Vacate, Exhibit 1; Simmons, 649 F.3d at 240-41. Thus, in light of Simmons, petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year, and necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1); Simmons, 649 F.3d at 243-45. Indeed, as noted above, the government does not dispute that petitioner is actually innocent of Count Two pursuant to Simmons. (See Resp. at 2-3; see also Am. Resp. at 3-4). Accordingly, petitioner has overcome any procedural default now asserted by the government, where he is actually innocent of Count Two of the indictment.

In sum, where the government waived its timeliness defense, and where the asserted defense based upon procedural default is without merit, the court holds that petitioner's motion is meritorious, and that the judgment of conviction and sentence dated December 10, 2009 must be vacated pursuant to Simmons.

B. Motion to Reinstate

The government requests that, if the court grant's petitioners requested relief as to Count Two of the indictment, then the court should reinstate Count Four for further proceedings, which the court construes as a motion to reinstate. (See Resp. at 4-5; see also Am. Resp. at 6). Petitioner

6

acknowledges that reinstatement is the "appropriate" course, and does not provide any argument as to why the court should not now reinstate Count Four of the indictment. (Reply at 2). Moreover, for the reasons stated in the government's amended response, the court finds that allowing reinstatement as to Count Four is appropriate. See United States v. Green, 139 F.3d 1002, 1005 (4th Cir. 1998) (holding that double jeopardy does not prevent government from re-indicting defendant on count previously dismissed pursuant to plea agreement, where original count of conviction is vacated) (citing United States v. Bunner, 134 F.3d 1000, 1005 (10th Cir. 1989)); see also Bunner, 134 F.3d at 1005 (holding that change in law and successful § 2255 motion frustrated purpose of plea agreement and permitted the government to reinstate previously dismissed charges).

      C. Motion for Revocation of Supervised Release

Where the court has determined that petitioner's conviction must be vacated, the motion for revocation of supervised release based on that conviction must be dismissed. As the government acknowledges, in the event this court vacates petitioner's conviction, "the government cannot recommend imposition of a term of imprisonment should the defendant be found to have committed violations of his supervised release." Mot. to Continue Revocation Hrg. at 3. "[P]ost revocation prison sentences are sentences for the original federal crime, not punishment for the violation of the terms of supervised release." United States v. Fareed, 296 F.3d 243, 247 (4th Cir. 2002) (citing Johnson v. United States, 529 U.S. 694, 701 (2000); see United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002). Accordingly, where the underlying conviction is vacated under Simmons, the court must dismiss the revocation proceedings based on that conviction. See Torres v. United States, No. 7:06-cr-117-FL-1 (E.D.N.C., Oct. 12, 2012) (dismissing motion for revocation of supervised release upon vacating petitioner's conviction under Simmons).

7

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE #117) is GRANTED, and the judgment of conviction and sentence dated December 10, 2009, is VACATED. The government's alternative motion to reinstate Count Four of the indictment (DE #121) is GRANTED, and Count Four of the indictment is REINSTATED for further proceedings. The motion for revocation of supervised release (DE #107) is DISMISSED, and petitioner is ORDERED to be released from his term of supervised release.

SO ORDERED, this the 8th day of November, 2012.

LOUISE W. FLANAGAN
United States District Judge